UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE F. ARMY, JR.,<br>　　Plaintiff<br><br>v.<br><br>CITIMORTGAGE, INC.,<br>　　Defendant | Civil Action No.: 4:15-cv-40016-TSH |

**MEMORANDUM OF LAW AND FACT IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIO TO DISMISS**

**Standard of Review**

As it pertains to a Rule 12(b)(6) motion "the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In considering motions to dismiss based upon the sufficiency of the pleadings, this Court "must construe the pleading liberally, treating all well-pleaded facts as true and indulging all reasonable inference in favor of the non-moving party." Katin v. National Real Estate Information Services, Inc., 2009 WL 929554 *2 (D. Mass.March 31, 2009) (Woodlock, J.). A motion to dismiss should be denied if the challenged pleading alleges sufficient facts to demonstrate a "plausible entitlement to relief" even if "actual proof of those facts is improbable, and a recovery is very remote and unlikely." The "plausible entitlement to relief" standard calls

for simply "enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegation." Katin, *supra*, at *2, citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Defendant's motion falls far short of this high standard.

### Facts

The Plaintiff's Complaint contains facts, which construed liberally and in a light most favorable to the plaintiff give rise to the plaintiff's viable claims for relief and must result in the Court's denial of the defendant's motion to dismiss. On February 19, 2010, Army filed a voluntary petition ("bankruptcy") pursuant to Chapter 7 of the U.S. Bankruptcy Code with the U.S. Bankruptcy Court, District of Massachusetts. No affirmation of the mortgage was ever filed by Army. On August 3, 2010 the Bankruptcy Court entered an order of Discharge of Debtor under 11 USC § 727 (the Bankruptcy Code). CitiMortgage took no action until December 11, 2014, more than four years after the discharge of the Note in bankruptcy.

### Argument

Plaintiff's complaint raises valid claims for relief based upon an issue which represents the next logical step in the landmark mortgage foreclosure actions which began with U.S. Bank v. Ibanez, 458 Mass. 637 (2011) and Eaton v. Federal National Mortgage Ass'n, 462 Mass. 569 (2012). This issue which must be addressed by the Court, and which has been validly raised by Plaintiff's complaint, is whether or not the discharge in bankruptcy of the note renders the mortgage uncollectable by CitiMortgage, thus prohibiting them from exercising the statutory power of sale.

It is undeniable that a mortgage and note are two distinct entities. "A real estate mortgage in Massachusetts has two distinct but related aspects: it is a transfer of legal title to the mortgage

2

property, and it serves as security for an underlying note or other obligation – that is, the transfer of title is made in order to secure a debt, and the title itself is defeasible when the debt is paid." See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649, 941 N.E.2d 40 (2011); Maglione v. BancBoston Mtge. Corp., 29 Mass. App. Ct. 88, 90, 557 N.E.2d 756 (1990) ("So it is that the mortgagor retains an equity of redemption, and upon payment of the note by the mortgagor or upon performance of any other obligation specified in the mortgage instrument, the mortgagee's interest in the real property comes to an end" [citations omitted]).

The separation of the mortgage from the note renders the mortgage "a mere technical interest." Wolcott v. Winchester, 81 Mass. 461, 15 Gray 461, 465 (1860); Sanger v. Bancroft, 78 Mass. 365, 12 Gray 365, 367 (1859) ("A mortgage cannot be made available without connecting it with the debt or duty secured thereby. To one who has not the debt, it is of no value as property, as it could at most be only resorted to as a trust for the benefit of the holder of the note"). See generally 1 F. Hilliard, Mortgages at 216 n.(c) ("The assignment of a mortgage, without the debt, creates at most a naked trust"); id. at 217 ("The mortgage has no determinative value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond").

"Possession of the note" is essential "to an enforceable mortgage, without which the mortgage could not be effectively foreclosed" See Crowley v. Adams, 226 Mass. 582, 585, 116 N.E. 241 (1917). What is unavoidable is that a "mortgagee has no authority to foreclose if the underlying mortgage debt has been paid." While it is true that payment of the alleged debt bars foreclosure, **discharge** of that debt, however obtained, also bars enforcement. The Eaton court continues by setting forth that "while both Wolcott and Crowley state that a mortgage cannot be foreclosed where the underlying debt has been **discharged**, this is but one application... of a

broader rule that a *mortgagee must have a valid claim to the debt before attempting foreclosure* [emphasis added]." Eaton v. Fed. Nat'l Mtg. Ass'n, 462 Mass. 569, 578, n.11 (2012).

The term discharge was used by the Eaton court for a reason. Black's Law Dictionary defines "discharge" as "(1) the payment of a debt or satisfaction of some other obligation. (2) the release of a debtor from monetary obligations upon adjudication of bankruptcy..." The Eaton court was clear in specifying that a mortgage may not be foreclosed upon when the underlying debt has been discharged, regardless of how that term is utilized.

It is the Plaintiff's position that, in Massachusetts, the act of discharging the underlying debt in bankruptcy, or otherwise, renders a mortgageee incapable of enforcing the mortgage. As such, CitiMortgage lacks the ability to effectively foreclose. The Plaintiff argues that in applying Eaton to the case at bar, CitiMortgage was required to foreclose on the mortgage and note prior to the entry of the discharge in bankruptcy. Once the underlying debt became unenforceable, CitiMortgage no longer had the ability to foreclose. This is supported by the Court's decision in Eaton. Id. at 578, n. 11.

The position advanced by Plaintiff is not limited to instances where an underlying debt has been discharged in bankruptcy. The statute of limitations on a mortgage with a stated maturity date is five (5) years from the expiration of the term of maturity or 35 years. M.G.L. c. 260 § 33. However, the statute of limitations for enforcement of a promissory note is six years. M.G.L. c. 106 § 3-118. This is true whether or not the promissory note is sealed or unsealed. Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467 (2013). In the event that the statute of limitations has expired on the promissory note, rendering the debt unenforceable, Plaintiff argues that Eaton would prohibit foreclosure. Plaintiff argues, and the Eaton court supports, that when

4

an underlying debt obligation cannot be collected (for whatever reason, statute of limitations included), a mortgagee may not foreclose.

For Defendant to now argue that Plaintiff has not advanced any valid claims for relief ignores the application of the Court's landmark decisions in foreclosure proceedings. Through both <u>Ibanez</u>, and <u>Eaton</u>, the Court has shown, time and again, that the primary responsibility of the mortgage holder is to ensure that all of their items are in order prior to foreclosure. This requirement is based largely on Massachusetts statutory power of sale, providing the mortgage holder with the ability to foreclose on a property without needing to seek judicial approval. The Court has strengthened the position, that should the mortgage holder take extra-judicial means to foreclose, they are expected to be in strict compliance with the statute or run the risk of having the foreclosure held to be invalid. See 1 F. Hilliard, Mortgages 119 (1856) ("in consequence of the delays incident to the usual equity of redemption, a power of sale has now become a very frequent provision in deeds of mortgage... However the power will be jealously watched and declared void for the slightest unfairness or excess").

In this instance CitiMortgage had an opportunity to properly foreclose. During the pendency of the bankruptcy the holder of the note was notified of the Plaintiff's filing. CitiMortgage elected not to foreclose at that time. CitiMortgage failed to properly re-secure their debt by obtaining an affirmation of the mortgage. CitiMortgage need only to have made entry under M.G.L. c. 244 § 9, they did not. In August 2010, the underlying debt was discharged. The Plaintiff now asks the Court to adhere to the decision of the <u>Eaton</u> court, and hold that a mortgagee must have a valid claim to the debt before attempting foreclosure." <u>Eaton v. Fed. Nat'l Mtg. Ass'n</u>, 462 Mass. 569, 578, n.11 (2012). As a result of the entry of discharge of

bankruptcy, the underlying debt cannot be collected upon by the holder of the mortgage, and as such there can be no foreclosure.

### **Conclusion**

To succeed on a Motion to Dismiss pursuant to Mass. Fed. R. Civ. P. 12(b)(6) the Defendant must satisfy a very high burden. A motion to dismiss should be denied if the challenged pleading alleges sufficient facts to demonstrate a "plausible entitlement to relief" even if "actual proof of those facts is improbable, and a recovery is very remote and unlikely." The "plausible entitlement to relief" standard calls for simply "enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegation." Katin, *supra*, at *2, citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In this instance, the Plaintiff has alleged sufficient facts to establish valid claims for relief, and the Defendant's motion has failed to satisfy this high standard and must be denied.

Respectfully submitted,

/s/ Lawrence F. Army, Jr._____
Lawrence F. Army, Jr., Esq.
ARMY & KIRITSY, LLC
370 Main St., Suite 900
Worcester, MA 01608
Tel. (508) 793-1900
BBO# 634576

Dated: 3/3/2015

## CERTIFICATE OF SERVICE

I, Lawrence F. Army, Jr., of Army & Kiritsy, P.C., hereby certify that on the 3rd day of March, 2015, this document was electronically filed using the Court's ECF system and a true copy of the within Motion to Remand was served by first class mail, postage prepaid on the following counsel of record:

Joseph A. Farside, Jr.
Locke Lord LLP
2800 Financial Plaza
Providence, Rhode Island 02903

/s/ Lawrence F. Army, Jr._____
Lawrence F. Army, Jr.