UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAWRENCE F. ARMY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 15-40016 |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND (Docket No. 10) AND DEFENDANT'S MOTION TO DISMISS (Docket No. 8)**

**July 7, 2015**

**HILLMAN, D.J.**

Lawrence F. Army, Jr. ("Plaintiff") asserts claims against Citimortgage, Inc. ("Defendant" or "Citimortgage") arising out of Citimortgage's attempted foreclosure sale of residential property located at 83 Adams Road, North Grafton, Massachusetts. Plaintiff seeks injunctive and declaratory relief, as well as damages for breach of the covenant of quiet enjoyment. Defendant has filed a motion to dismiss. (Docket No. 8). Plaintiff has filed a motion to remand to state court. (Docket No. 10). For the following reasons, Plaintiff's motion to remand is *denied*. Defendant's motion to dismiss is *granted in part* and *denied in part*.

**Background**

The complaint alleges the following facts, taken as true for purposes of this motion to dismiss. Plaintiff is an individual residing at 83 Adams Road, North Grafton, Massachusetts. Defendant is a corporation organized under the laws of New York, with a principal place of business in Missouri.

1

On May 28, 2004, Plaintiff executed a promissory note (the "Note") in the amount of $325,000, payable to Principal Residential Mortgage, Inc., ("Principal"). The Note was secured by a mortgage (the "Mortgage") on the property at 83 Adams Road in North Grafton, Massachusetts (the "Property"). Mortgage Electronic Registration Systems, Inc. ("MERS") was named the mortgagee, and held the Mortgage as nominee for Principal's successors and assigns. The Mortgage was recorded with the Worcester County Registry of Deeds on May 28, 2004 in Book 33784, Page 336.

On February 19, 2010, Plaintiff filed a petition pursuant to Chapter 7 of the U.S. Bankruptcy Code in U.S. Bankruptcy Court, District of Massachusetts. On July 22, 2010, Citimortgage filed a Motion for Relief from Stay in the Bankruptcy proceeding, alleging that it was the holder of the Mortgage as the assignee of MERS. On August 3, 2010, without having ruled on Citimortgage's motion for relief from stay, the Bankruptcy Court entered an order of Discharge of Debtor under 11 U.S.C. § 727. At no point during the bankruptcy did Plaintiff execute or file a Reaffirmation of Debt agreement. On December 13, 2010, the Bankruptcy Court granted Defendant's motion for relief from stay.

On April 16, 2012, MERS assigned the Mortgage to Defendant. On December 11, 2014, four years after Defendant was discharged from bankruptcy, Defendant notified Plaintiff that it intended to sell the Property under the Massachusetts statutory power of sale. Defendant represented to Plaintiff that it was the holder of both the Note and the Mortgage.

The foreclosure sale was originally scheduled for January 12, 2015. On January 8, 2015 Plaintiff filed this action in Massachusetts Superior Court and received temporary injunctive relief prohibiting the foreclosure sale. Defendant removed the case to this Court on January 30, 2015. The complaint asserts claims for injunctive relief prohibiting the foreclosure sale, pursuant

to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362 (Count I); declaratory judgment that Defendant does not have the authority to foreclose by statutory power of sale under M.G.L. c. 244 § 14 (Count II); and breach of covenant of quiet enjoyment (Count III).

## Discussion

### *Plaintiff's Motion to Remand (Docket No. 10)*

Plaintiff has moved for a remand to state court, asserting that the amount in controversy required for this Court to exercise diversity jurisdiction has not been met. The Court disagrees, finding that Defendant has established a reasonable probability that the amount in controversy exceeds $75,000. *See Arrigo v. Scholarship Storage, Inc.*, No. 10-CV-11650-MLW, 2011 WL 3584715 (D. Mass. Aug. 10, 2011); *cf. Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48-49 (1st Cir. 2009). Although Plaintiff does not seek money damages, this dispute involves obligations and rights under the Note and Mortgage originally executed in the amount of $325,000. This is sufficient to meet the amount in controversy requirement. *See Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 147, 149 (D. Mass. 2013) ("It is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiff's petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful.").

Contrary to Plaintiff's assertion, *PHH Mortgage Corp. v. Lanou* is inapposite. *See* No. 14-CV-10495-MGM, 2015 WL 162911 (D. Mass. January 13, 2015). In *PHH Mortgage*, the object of the litigation was not the value of the property, but merely the value of Plaintiff's purported right to possession. *Id.* at *3. In the instant case, Plaintiff asserts that he owns the premises at 83 Adams Road. *See* Pl.'s Compl. ¶ 48(d). Therefore, the Court finds that the amount in controversy has been met, and Plaintiff's motion to remand will be denied.

*Defendant's Motion to Dismiss (Docket No. 8)*

Defendant has moved to dismiss Count I for lack of subject matter jurisdiction and Counts II and III for failure to state a claim.

*Counts I & III*

Defendant argues that Count I should be dismissed because this Court lacks subject matter jurisdiction over the claim under Fed. R. Civ. P. 12(b)(1). Defendant further asserts that Count III fails to state a claim because the covenant of quiet enjoyment does not exist in the context of a mortgagor-mortgagee relationship. Plaintiff failed to address Counts I or III in his memorandum of opposition to Defendant's motion to dismiss. *See* Pl.'s Mem. in Opp., Docket No. 11. Plaintiff further indicated at oral argument that he was no longer pressing these counts. Therefore, Plaintiff's claims for injunctive relief (Count I) and breach of the covenant of quiet enjoyment (Count III) are waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (stating that perfunctory or undeveloped arguments are waived). Defendant's motion to dismiss will be granted on Counts I and III.

*Count II*

Defendant argues that Count II fails to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant asserts that it holds both the Note and the Mortgage, and therefore may foreclose the Property through the statutory power of sale under M.G.L. c. 244 § 14.

Standard of Review

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must include sufficient factual detail to make the plaintiff's claim for relief plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See*

*Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 68 (1st Cir. 2000). A claim is facially plausible when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

## Analysis

Accepting the complaint's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Count II states a claim for declaratory judgment. Count II is a state law claim for declaratory relief under M.G.L. c. 231A, which allows Massachusetts courts to "make binding declarations of right, duty, status and other legal relations . . . in any case in which an actual controversy has arisen," under "the common law, or a charter, statute, municipal ordinance or by-law . . . " M.G.L. c. 231A §§ 1-2. Specifically, Plaintiff requests that the Court enter declaratory judgment that Defendant cannot foreclose on the property because it cannot satisfy the requirements of the Massachusetts statutory power of sale, codified at M.G.L. c. 183 § 21 and M.G.L. c. 244 § 14.

These statutes authorize a "mortgagee" to foreclose on a mortgaged property through sale at a public auction where the mortgagor-homeowner defaults in performance of the underlying promissory note. *See U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 645-46, 941 N.E.2d 40 (2011). In *Eaton v. Federal National Mortgage Association*, the Massachusetts Supreme Judicial Court ("SJC") held that M.G.L. c. 244 § 14 requires that the foreclosing "mortgagee" hold *both* the mortgage and the underlying promissory note. *See* 462 Mass. 569, 583-84, 969 N.E.2d 1118

(2012).[1] In reaching this conclusion, the SJC surveyed Massachusetts common law and determined that "a mortgage ultimately depends on connection with the underlying debt for its enforceability." *Id.* at 587-88. Prior to this decision, the prevailing understanding was that the mortgagee only needed to hold the mortgage. *Id.* at 588.

In this case, Plaintiff alleges that Defendant does not lawfully hold the Note. *See* Pl.'s Compl. ¶ 39-42. The complaint further claims that even if Citimortgage holds the Note, it cannot collect the debt because it was discharged through Plaintiff's bankruptcy. *See id.* at ¶ 34-37. Plaintiff asserts that at no time during or after the bankruptcy did he execute a Reaffirmation of Debt agreement, which would have continued Plaintiff's payment obligations under the Note. *See id.* at ¶ 10. Consequently, Plaintiff's bankruptcy discharge extinguished his debt and rendered the Note unenforceable. *See id.* at ¶ 36-37.

These facts are sufficient to sustain Count II at this stage of the litigation. It is true that, as a matter of federal bankruptcy law, a pre-petition lien in collateral survives a bankruptcy discharge. *See Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 19-21 (1st Cir. 2002) (explaining that a bankruptcy discharge eliminates *in personam* liability, but not *in rem* liability). To enforce such a lien, however, the creditor must do so "in accordance with state law." *In re Pratt*, 462 F.3d 14, 17 (1st Cir. 2006); *In re Canning*, 706 F.3d 64, 69 (1st Cir. 2013). Thus, whether Citimortgage can foreclose turns on a question of Massachusetts law—namely, whether the statutory power of sale, M.G.L. c. 244 § 14, permits a mortgagee to foreclose when a mortgagor's *in personam* debt is unenforceable because it was discharged in bankruptcy.

Massachusetts courts have not answered this question. The SJC's decision in *Eaton*, however, lends support to Plaintiff's contention that his bankruptcy discharge eliminated

---

[1] A mortgagee may also foreclose under M.G.L. c. 244 § 14 if he "acts as the authorized agent of the note holder." *See id.* at 584 n.20, 586.

Citimortgage's right to foreclose. Central to the result in *Eaton* is the proposition that, under Massachusetts common law, a mortgagee must possess a valid claim to the underlying debt in order to maintain a foreclosure action. *See Eaton*, 462 Mass. at 578 & n.11 (citing cases). Without deciding the merits of the claim at this juncture, it is reasonable to infer from the rationale of *Eaton* that a mortgagee cannot foreclose under M.G.L. c. 244 § 14 when the underlying promissory note has been discharged in bankruptcy. Consequently, Count II states a plausible claim for relief. The complicated mortgage law questions raised by Count II will benefit from further development of the record.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Docket No. 10) is ***denied***. Defendant's Motion to Dismiss (Docket No. 8) is ***granted in part*** and ***denied in part***. Defendant's motion is ***granted*** on Counts I and III. Defendant's Motion to Dismiss is ***denied*** on Count II.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**