UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAWRENCE F. ARMY, JR. :
 :
 Plaintiff, :
 :
v. : C.A. No. 15-40016-TSH
 :
CITIMORTGAGE, INC., :
 :
 Defendant. :

## DEFENDANT CITIMORTGAGE, INC.'S MOTION FOR RECONSIDERATION OF PARTIAL DENIAL OF ITS MOTION TO DISMISS

Defendant CitiMortgage, Inc. ("CMI" or "Defendant") respectfully moves the Court to reconsider its partial denial of CMI's motion to dismiss ("*Motion*") as set forth in the Court's *Memorandum and Order on Plaintiff's Motion to Remand (Docket No. 10) and Defendant's Motion to Dismiss (Docket No. 8)* ("*MTD Order*").

The Court should reconsider its decision not to dismiss Count II because controlling Supreme Judicial Court precedent confirms that *Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569 (2012) does not bar enforcement of a mortgage lien *via* foreclosure post-bankruptcy discharge. Specifically, the discussion in *Christakis v. Jeanne D'Arc Credit Union*, 471 Mass. 365 (May 6, 2015) confirms that mortgage liens remain enforceable post-discharge as a matter of state law. Otherwise, every mortgagor would be incented to default on their loan, claim bankruptcy, and emerge with real estate owned free and clear. Even without the guidance of *Christakis*, *Eaton* never intended such a drastic result, its language does not support that outcome.

## STANDARD OF REVIEW

"A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" *Rivera v. Pfizer Pharm., LLC*, 521 F.3d

76, 81-82 (1st Cir. 2008) (*quoting Kansky v. Coca-Cola Bottling Co. of New Eng.*, 492 F.3d 54,

60 (1st Cir. 2007)).   "Likewise, a motion for reconsideration should be granted if the court 'has

patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'"   *Id*.

(internal quotation omitted).   As discussed below, such relief is appropriate here.

## ARGUMENT

*Eaton* recites the long-standing, generic, and widely-accepted principle that a mortgage

depends on the underlying debt for its enforceability.  *Eaton,* 462 Mass. at 578 n.11.  But neither

that recitation, nor the reference to a "discharge" in bankruptcy, *id.*, were intended to, nor did

they actually, abrogate the application of black-letter bankruptcy law to Massachusetts

mortgages.  A May 2015 decision of the Supreme Judicial Court decisively resolves this issue in

favor of CMI.

**I.** **Recent Precedent – *Christakis* – Affirms The Long-Standing Principle That A Debt Survives A Debtor's Discharge In Bankruptcy in Massachusetts.**

The Supreme Judicial Court's decision in *Christakis v. Jeanne D'Arc Credit Union*, 471

Mass. 365 (May 6, 2015), decisively resolves in CMI's favor the issue identified by this Court in

the *MTD Order*.  *Christakis* was decided months after CMI's *Motion* was fully briefed, and was

not discussed at the June 16 hearing.

*Christakis* expressly confirms that a "***mortgage or [other] consensual lien survives a***

***[bankruptcy] discharge under State law***," and goes on to hold that judicial liens survive as well.

*Christakis*, 471 Mass. at 371 n.10 (emphasis added).[1]  *Christakis*, citing *Johnson v. Home State*

*Bank*, 501 U.S. 78, 84 (1991), states without reservation, that a bankruptcy discharge leaves

intact "an action against the debtor in rem" and, further, reiterates the well-established principle

---

[1]  *Christakis* is not itself a mortgage lien case.  Instead *Christakis* involved a debtor's attempt to remove three judicial liens attaching to her real estate as a result of her failure to pay credit card bills.

that the "***debt itself is not extinguished by the discharge***" in bankruptcy.  *Id.* at 367-68 (emphasis added); *see also Elliott v. Warwick Stores, Inc.*, 329 Mass. 406, 408 (1952) ("A debt is not extinguished by a discharge in bankruptcy. The remedy upon the debt and the legal obligation to pay are at an end, but ***the debt itself is not cancelled***." (citations omitted, emphasis added)); *Groden v. Kelley*, 382 Mass. 333, 336 (1981) ("[I]t is established that a 'discharge [in bankruptcy] destroys the *remedy* but not the *indebtedness*.'") (emphasis added).

*Christakis* goes on to observe that state law has "long provided" that liens perfected "before the filing of a bankruptcy petition ***remain valid after a discharge***," and it neither cited nor made any exception to that blanket pronouncement (such as for mortgage liens). *Id.* at 369 (emphasis added).  In response to the plaintiff's specific request that the Court resist applicability of federal law regarding the enforceability of pre-existing liens, *Christakis* stated "we do not agree that Massachusetts law should differ from Federal law in this regard." *Id.* at 368 (emphasis added).  Conspicuously, there is no discussion whatsoever in *Eaton* as to whether Massachusetts should somehow distinguish or depart from the holdings of *Johnson, Elliott, or Groden*.

*Christakis* (decided three years ***after*** *Eaton*) followed and re-affirmed the application of *Johnson* to state law.  *Christakis's* reliance on and endorsement of *Johnson's* principles warrants a closer review of *Johnson* here.  In *Johnson*, which *was* a mortgage lien case with facts analogous to the matter *sub judice*, the Court described the mortgagor-mortgagee relationship in painstaking detail, including the impact of a bankruptcy discharge on it, as follows:

> A mortgage is an interest in real property that secures a creditor's right to repayment.  But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may ***in addition*** sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally.  [Citation omitted.]  A defaulting debtor can protect

himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *11 U.S.C. § 727*. However, such a discharge extinguishes only "the personal liability of the debtor." *11 U.S.C. § 524(a)(1)*. Codifying the rule of Long v. Bullard, [citation omitted] ***the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.***

*Id.* at 82-83 (emphasis added). The Court goes on to explain that, post-discharge,

the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

*Id.* at 84. The Court then forcefully concludes in a manner directly applicable in the instant case:

The Court of Appeals thus erred in concluding that the discharge of petitioner's personal liability on his promissory notes constituted the complete termination of the Bank's claim against petitioner. Rather, a bankruptcy discharge ***extinguishes only one mode of enforcing a claim -- namely, an action against the debtor in personam -- while leaving intact another -- namely, an action against the debtor in rem.***

*Id.* (emphasis added).[2]

*Johnson* thus specifically establishes that the right to foreclose a residential mortgage survives the discharge of debtor's *in personam* liability on the underlying promissory note *via* bankruptcy, as occurred here. As expounded by the First Circuit in 2011, the bankruptcy discharge relieves the debtor only of the "unsecured portion of the secured creditor's claim." *In re Canning, III*, 462 B.R. 258, 264 (1st Cir. Bankr. App. Panel Dec. 12, 2011); *see also In re Wilding*, 475 F.3d 428, 430 (1st Cir. 2007); *Molitor v. Advantage Cmty. Bank*, 826 N.W.2d 123 (Wis. Ct. App. 2012) (citing *Johnson* for proposition that mortgage foreclosure may proceed

---

[2] CMI cited *Johnson* in its reply memorandum in conjunction with its discussion of the holding of *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 21 (1st Cir. 2002), and elsewhere.

post-discharge as a matter of Wisconsin state law).  The *secured* portion of the debt remains fully

enforceable by way of foreclosure.  *Christakis* eliminates any doubt that state law on this issue is

in accord with federal law as laid out with stark clarity in *Johnson*.

In light of the above, the Court's statement in the *MTD Order* (at 6) that "Massachusetts

courts have not answered this question" is, respectfully, inaccurate.  *Christakis* resolves the issue

in favor of CMI and confirms that *Eaton* did nothing to alter the impact of a bankruptcy

discharge on a pre-existing mortgage lien.  There can be no doubt that the mortgage currently

held by CMI remains enforceable.

**II.    State Law Allows a Foreclosure to Follow a Discharge Because *Christakis*, *Elliott* and *Groden* Confirm that the Discharge Does Not Cancel the "Debt" and *Eaton* Did Not Abrogate, Set Aside, or Form a Carve-Out of the Pre-Existing Black Letter <u>Principles of *Johnson*, *Groden*, *Elliott*, or Any Other Bankruptcy Precedent.</u>**

In contradistinction to *Christakis*, *Eaton* is <u>not</u> a bankruptcy case and does not determine

a bankruptcy-related issue, let alone the issue presented here.  In fact, *Eaton* does not even use

the word "bankruptcy" except once in a footnote.   462 Mass. at 584 n.21 (identifying certain

cases of the "Bankruptcy Court").  *Eaton* cannot thus be reasonably interpreted as abrogating

black-letter bankruptcy law principles as set forth above.  *Eaton* did not address or even

reference the underlying principles of *Groden* and *Elliott*, *i.e.* that a valid debt survives a

bankruptcy discharge.

This Court's reluctance to dismiss Count II based on black-letter bankruptcy law is based

on text contained within *Eaton* footnote 11.  While two statements within that footnote may have

given this Court pause, upon dissection, they need not.

**A.    The "Debt" Continues to Exist Post-Bankruptcy**

First, footnote 11 states that a "mortgage ultimately depends on the underlying debt for

its enforceability."  *Id.* at 578, n.11; *see also id.* at 587-88.  That particular statement, which

again does nothing but affirm black-letter law, can be dispatched with ease.  Indeed, it actually supports dismissal of Count II because, as *Christakis* and *Elliott* plainly state, the debt itself is not "extinguished" or "cancelled" as a result of a bankruptcy discharge.  *Christakis*, 471 Mass. at 367; *Elliott*, 329 Mass. at 408.  Thus, here, Plaintiff's mortgage loan "debt" still exists, even though his obligation to pay it out of his personal fisc (as opposed to by way of the security pledged to support that debt) has been discharged.  Because the debt itself still exists, the mortgage given as security for that debt remains enforceable under the language of *Eaton* footnote 11. *See Johnson*, 501 U.S. at 82-83.

### B. Use of the Word "Discharge" Relates to Payment of the Debt in Full, Not a Bankruptcy Discharge, and is Thus of No Moment.

Footnote 11 also contains a parenthetical following its citation to *Culhane v. Aurora Loan Servs. of Neb.*, 826 F. Supp. 2d 352, 365 (D. Mass. 2011), *aff'd*, 708 F.3d. 282 (1st Cir. 2013).[3] In that parenthetical, *Eaton* simply quotes the district court as stating that two venerable Supreme Judicial Court cases[4] stand for the proposition that "a mortgage cannot be foreclosed where the underlying debt has been discharged."[5]  462 Mass. at 578, n.11.

The "discharge" at issue in both of those cases was, however, one secured by <u>payment</u>, ***not*** by way of bankruptcy.  Indeed, neither of the cases involved a foreclosure post-bankruptcy. Instead, <u>***both***</u> involve determinations that the mortgages at issue had ceased to be enforceable because the underlying debt had been ***paid*** (*i.e.*, "discharged") by the debtor.  *Crowley v. Adams*, 226 Mass. 582, 583, 584-85 (1917) ("***payment*** of the debt before the date of performance terminates the interest of the mortgagee . . .[and] a ***discharge*** may properly be demanded to clear

---

[3] For clarity, footnote 11 quotes the *Culhane* district court decision, not the First Circuit's decision on appeal therefrom.

[4] *Wolcott v. Winchester*, 15 Gray 461 (1860) and *Crowley v. Adams*, 226 Mass. 582, 585 (1917).

[5] This is only use by *Eaton* of the word "discharge."

record title") (emphases added); *Wolcott v. Winchester*, 15 Gray 461, 463-465 (stating multiple times that a mortgage is unenforceable on a debt that has been "***paid***", not discharged in bankruptcy) (emphasis added).  Both cases were relevant in the *Eaton* context solely because they both involved a discussion of separation of the mortgage from the underlying debt prior to initiation of a foreclosure, the primary issue addressed in *Eaton*.  462 Mass. at 570.

Because neither *Crowley* nor *Wolcott* even remotely suggest that a discharge in bankruptcy makes a corresponding mortgage unenforceable, *Eaton* likewise cannot be read to stand for that proposition solely because it cites to those two cases and *Culhane*.

### C.   *Eaton* **Does Nothing to Address** *Johnson*, *Elliott*, **or** *Groden*.

*Eaton* concerns the requisite unity of the debt and its corresponding security instrument at the time of foreclosure.  If *Eaton* were to simultaneously abrogate, alter, change, or distinguish black letter bankruptcy law to the effect that a debt survives a bankruptcy discharge, at least a passing discussion of *Johnson*, *Elliott*, and *Groden* would have been necessary to address these important precedents on that topic.  But neither *Johnson*, *Elliott*, nor *Groden* are even so much as mentioned by *Eaton*.  Thus, and again with proper respect, this Court must continue to adhere to controlling Commonwealth precedent declaring that the debt survives a bankruptcy discharge.

Finally, *Eaton* provides *no rationale* for what would have been a seismic shift in public policy relating to the interaction of bankruptcy law and Commonwealth foreclosures.  *Compare Christakis*, 471 Mass. at 368-69 (expressly acknowledging that the plaintiff there was asking the Court to depart from federal law and declining to do so; no such discussion appears in *Eaton*).  To accept Plaintiff's premise as true would cause a bankruptcy discharge of a promissory note to also effectuate the discharge of the corresponding mortgage as well, and would leave the

defaulting mortgagor/debtor as the sole owner of the previously-encumbered property, *free and clear* of the pre-existing mortgage.  This defies both precedent and common sense.

### III.    Count II Thus Fails to State a Claim Under Massachusetts Law Because CMI's Attempt at a Post-Bankruptcy Foreclosure Complies with State Law.

For all of the foregoing reasons, CMI has the right to foreclose on the Property to satisfy the original debt.  As set forth in the *Motion*, because CMI holds the *Mortgage via* a valid assignment, has a valid claim to the debt and holds the *Note*, it has standing to foreclose and Count II should be dismissed.

In its *MTD Order* (at 7), the Court suggests that further development of the record might assist in reaching a decision on Count II.  CMI respectfully disagrees, and instead struggles to imagine how the record could be supplemented in any meaningful way as regards this purely legal issue.  Put simply, Count II fails if CMI's mortgage lien survives the prior discharge of the *Note* in bankruptcy.  Indeed, Plaintiff's counsel all but admitted as much at the June 16 hearing on CMI's motion (this matter of law being the only point argued on Plaintiff's behalf in his effort to sustain the lawsuit).  For the reasons set forth above, the law is clear – CMI may still foreclose, and Count II should accordingly be dismissed.

### CONCLUSION

For the reasons set forth herein, and in CMI's motion to dismiss, CMI respectfully requests this Court reconsider its decision to deny dismissal of Count II, and effectuate a dismissal of the *Complaint* in its entirety.

Respectfully submitted,

CITIMORTGAGE, INC.,
By its Attorneys,


/s/ Joseph A. Farside, Jr.
Joseph A. Farside, Jr. (BBO# 667187)
Krystle G. Tadesse (BBO # 673899)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com

and

Donald E. Frechette (BBO # 547293)
LOCKE LORD LLP
20 Church Street, 20th Floor
Hartford, CT  06103
Telephone:  (860) 525-5065
Facsimile:   (860) 527-4198
Dated:  July 13, 2015                                  donald.frechette@lockelord.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July 2015, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ Joseph A. Farside, Jr.