UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAWRENCE F. ARMY, JR., | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 15-CV-40016-TSH |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF PARTIAL DENIAL OF MOTION TO DISMISS**
(Docket No. 28)

**October 15, 2015**

**HILLMAN, D.J.**

Pending before this Court is the motion of CitiMortgage, Inc. (Defendant) for reconsideration of this Court's partial denial of its motion to dismiss. For the reasons set forth below, Defendant's motion for reconsideration (Docket No. 28) is ***granted*** and Defendant's motion to dismiss (Docket No. 8) is ***granted***.

**Background**

The underlying facts of this dispute are set forth in my previous Memorandum and Order on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. (Docket No. 26.) *See Army v. CitiMortgage, Inc.*, No. CIV.A. 15-40016, 2015 WL 4092761, at *1 (D. Mass. July 7, 2015). Lawrence F. Army, Jr. (Plaintiff) brought suit against Defendant seeking injunctive relief prohibiting the foreclosure sale of real property, pursuant to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362 (Count I); a declaratory judgment that Defendant did not have the authority to foreclose by statutory power of sale under Mass. Gen. Laws ch. 244, § 14 (Count

1

II); and breach of the covenant of quiet enjoyment (Count III).  Defendant moved to dismiss Count I for lack of subject matter jurisdiction and Counts II and III for failure to state claims upon which relief could be granted.  On July 7, 2015, this Court issued a decision granting Defendant's motion to dismiss Counts I and III and denying Defendant's motion to dismiss Count II. (Docket No. 26.)  *See Army*, 2015 WL 4092761.  Defendant now moves for reconsideration of this Court's denial of its motion to dismiss Count II.

## Discussion

### *Standard of Review*

"A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Kansky v. Coca–Cola Bottling Co. of New England,* 492 F.3d 54, 60 (1st Cir. 2007)).  A motion for reconsideration should also "be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" *Id.* at 82 (quoting *Sandoval Diaz v. Sandoval Orozco,* No. 01–1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)) (additional citation omitted).  "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

### *Analysis*

The issue raised by Defendant's motion to dismiss was "whether the statutory power of sale, Mass. Gen. Laws ch. 244, § 14, permits a mortgagee to foreclose when a mortgagor's *in personam* debt is unenforceable because it was discharged in bankruptcy." (Docket No. 26 at 6); *Army*, 2015 WL 4092761, at *4.  I concluded that Massachusetts courts had not answered this

question but found that it would be reasonable to infer from the rationale in *Eaton v. Fed. Nat. Mortgage Ass'n*, 969 N.E.2d 1118, 1129 (Mass. 2012), that a mortgage cannot be foreclosed under the statutory power of sale when the underlying promissory note has been discharged in bankruptcy.  Accordingly, I found that Count II of Plaintiff's complaint stated a plausible claim for relief.  In its motion for reconsideration, Defendant brings my attention to a recent case decided by the Supreme Judicial Court, *Christakis v. D'Arc*, 29 N.E.3d 823 (Mass. 2015), which was issued on May 6, 2015.  Although the hearing on Defendant's motion to dismiss was conducted on June 16, 2015, this new case had not yet come to the attention of either party or this Court.

In *Christakis*, the Court addressed the issue of "whether judicial liens on real property remain valid after the owner of the property receives a discharge under Chapter 7 of the Bankruptcy Code." 29 N.E.3d at 824.  The plaintiff in that case was a debtor who had filed a Chapter 7[1] bankruptcy petition and had received a discharge; the defendants were creditors, each of whom had obtained a final judgment against the plaintiff, and a levy of execution had been made on plaintiff's real property. *Id.*

The *Christakis* court noted that discharge in bankruptcy "'operates as an injunction' against any act to collect debt 'as a personal liability of the debtor.'" *Id.* (quoting 11 U.S.C. § 524(a)(2)). The court also explained, however, that under federal law "[t]he debt itself is not extinguished by the discharge; it remains in existence but cannot be enforced personally against the debtor." *Id.* at 825-26. "Essentially, 'a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem.'" *Id.* (quoting *Johnson v. Home State Bank,* 501 U.S. 78, 84

---

[1] The plaintiff initially filed a Chapter 13 petition but it was converted into a Chapter 7 case. *Christakis*, 29 N.E.3d at 825.

3

(1991)). "Thus, the lien may still be enforced, but because of the discharge of personal liability, the enforcement of the lien 'is an action in rem with no recourse available against the debtor for any deficiency.'" *Id.* (quoting W.L. Norton, *Bankruptcy Law and Practice* § 58:4, at 58–17 (3d. ed. 2014)).

The Court went on to explain that Massachusetts law should not differ from Federal law in this regard, noting that "Massachusetts case law has long provided that liens perfected well before the filing of a bankruptcy petition remain valid after a discharge. . . . [U]nder State law, we distinguish between in personam and in rem actions after a discharge, and permit the latter but not the former." *Id.* at 826-27. Although *Christakis* was a judicial lien case rather than a mortgage case, the Court specifically noted that its holding did not distinguish judicial liens from mortgages or consensual liens regarding the survival of discharge under state law. *Id.* at 829 n.10. Furthermore, the Court made no mention of a potential conflict with the holding in *Eaton*, 969 N.E.2d at 1129.[2]

In light of this new precedent, I conclude that Massachusetts courts have now answered the question of whether a mortgagor's debt is enforceable after discharge in bankruptcy. The answer, provided by the *Christakis* court, is that discharge does not make mortgage debt unenforceable; the debt remains in existence and can be enforced with an action against the debtor

---

[2] Additionally, the Court cited favorably to *Johnson v. Home State Bank*, 501 U.S. 78 (1991), in which the U.S. Supreme Court confronted the issue of "whether a mortgage lien that secures an obligation for which a debtor's personal liability has been discharged in a Chapter 7 liquidation is a 'claim' subject to inclusion in an approved Chapter 13 reorganization plan." *Id.* at 82. In resolving this issue, the Supreme Court affirmed that "a discharge extinguishes *only* 'the personal liability of the debtor.' . . . the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* at 83 (quoting 11 U.S.C. § 524(a)(1)) (citing *Long v. Bullard,* 117 U.S. 617 (1886)).

in rem. 29 N.E.3d at 825-26.  Accordingly, upon reconsideration I find that Defendant's motion to dismiss should be granted as to Count II.

## Conclusion

For the reasons set forth above, Defendant's Motion for Reconsideration of Partial Denial of Motion to Dismiss (Docket No. 28) is ***granted***, and Defendant's Motion to Dismiss (Docket No. 8) is ***granted***.  All counts of Plaintiff's complaint are hereby dismissed.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**